IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHIRLEY ADAMS, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 05-2041 |
| § | |
| THE PRUDENTIAL INSURANCE § | |
| COMPANY OF AMERICA, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

Plaintiff, Shirley Adams, seeks disability benefits under a long-term disability benefits plan issued by the Prudential Insurance Company of America. Adams alleges that Prudential wrongfully denied her benefits for a number of debilitating medical problems, including spinal cord cysts, osteoarthritis, ulcerated colitys, and bipolar disorder. Adams alleges that this denial violated the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. (ERISA). Adams also asserts a claim for breach of fiduciary duty under ERISA, based on allegations that Prudential denied her a "full, fair and impartial review of her benefits, by acting as an adversary rather than as a trustee of Plaintiff's benefits by ignoring credible medical evidence, and by instead looking for less credible evidence in support of a denial of Plaintiff's claim"; that Prudential attempted to "ignore the records of Plaintiff's treating physicians . . . and to ignore the vocational evidence of Plaintiff's certified vocational rehabilitation specialist that specifically showed that Plaintiff is totally disabled";

and that Prudential "has engaged in a pattern and practice of discounting complaints of pain by insured individuals whose claims for short-term and long-term benefits is based in part upon pain." (Docket Entry No. 8, pp. 4–5). Prudential has moved to dismiss Adams's claim for breach of fiduciary duty, urging that under ERISA, an insured cannot simultaneously seek to recover plan benefits and relief for breach of fiduciary duty. (Docket Entry No. 6).

ERISA authorizes claims for breach of fiduciary duty under both section 1132(a)(2) and section 1132(a)(3). 29 U.S.C. § 1132(a)(2), (3). Claims under section 1132(a)(2) must be brought against the plan itself. *See Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 142, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) (holding that section 1132(a)(2) is "primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary"). Adams does not present a claim under section 1132(a)(2). Rather, she asserts a right to relief for alleged breaches of fiduciary duty under section 1132(a)(3).

The law in this area is clear. If, as here, an insured has adequate redress for denied benefits through her right to bring suit under section 1132(a)(1), and if she is seeking the same relief that is available for a claim for benefits under section 1132(a)(1), she has no claim for breach of fiduciary duty under section 1132(a)(3), even if her claim under section 1132(a)(1) is subsequently lost on the merits. Courts have consistently reached this result under the Supreme Court's holding in *Varity Corp. v. Howe*, 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996).

In *Varity*, the Supreme Court held that a class of ERISA beneficiaries had stated a claim for injunctive relief under section 1132(a)(3) and reinstated them to their former employer's welfare benefit plan. 516 U.S. at 504–14. In so holding, the Supreme Court emphasized that section 1132(a)(3) is a "catchall" provision that provides relief only for injuries that are not otherwise adequately addressed under ERISA. According to the Court, "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Id.* at 515.

Following this guidance, federal courts—including the Fifth Circuit—have concluded that if a plaintiff can pursue plan benefits under section 1132(a)(1), she has an adequate remedy that bars a claim under section 1132(a)(3). *See, e.g.*, *Turner v. Fallon Cmty. Health Plan, Inc.*, 127 F.3d 196, 200 (1st Cir. 1997) (holding that beneficiary denied benefits could not sue under section 1132(a)(3) because the claim was "specifically addressed by [section 1132(a)(1) ]"); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir. 1997) (holding that "[e]quitable relief under section 1132(a)(3) is not 'appropriate' because section 1132(a)(1) provides an adequate remedy in this case"); *Wald v. Sw Bell Corp. Customcare Med. Plan*, 83 F.3d 1002, 1006 (8th Cir. 1996) ("Because [plaintiff] is provided adequate relief by her right to bring a claim for benefits under [section 1132(a)(1)] . . . equitable relief would not be appropriate in her case. Thus, she does not have a cause of action under [section 1132(a)(3)]."); *Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, 1088–89 (11th Cir. 1999) (holding that even the unrealized prospect of relief under section 1132(a)(1)

renders relief under section 1132(a)(3) unavailable); *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998) ("Because [plaintiff] has adequate relief available for the alleged improper denial of benefits through his right to sue the Plans directly under section 1132(a)(1), relief through the application of [s]ection 1132(a)(3) would be inappropriate.").

In *Tolson v. Avondale Industries, Inc.*, 141 F.3d at 610, the Fifth Circuit held that a plan participant's "efforts to justify assertion of breach of a fiduciary duty claim against the Plans by distinguishing such a claim from his claims for coverage and benefit claims [we]re woefully unavailing." 141 F.3d at 610. The court clarified that an ERISA plaintiff has an adequate remedy "through his right to bring suit pursuant to section 1132(a)(1)." *Id*. at 610.

Adams does not dispute that she has sued the Prudential plan directly for recovery of benefits wrongfully denied. Unlike the plaintiffs in *Varity*, Adams is insured by a viable plan that she has standing to sue and that is before this court. Adams has adequate relief available for the alleged improper denial of benefits through her right to sue the plan directly under section 1132(a)(1) "to recover benefits due to [her] under the terms of [Prudential's] plan." 29 U.S.C. § 1132(a)(1)(B). Adams may not also proceed under a section 1132(a)(3) theory of recovery. The motion to dismiss is granted.

SIGNED on October 19, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge